IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FITZROY Z. WALKER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1316-K-BN |
| | § | |
| EVERETT FINANCIAL D/B/A | § | |
| SUPREME LENDING, STATE | § | |
| BRIDGE COMPANY LLC AND | § | |
| NATIONAL COOPERATIVE BANK, | § | |
| NA, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On May 30, 2024, Plaintiff Fitzroy Z. Walker filed this lawsuit *pro se* against Everett Financial doing business as Supreme Lending, State Bridge Company LLC and National Cooperative Bank NA. *See* Dkt. No. 3. Walker also moved for a temporary restraining order ("TRO"). *See* Dkt. No. 4. And United States District Judge Ed Kinkeade referred Walker's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

The undersigned determines that a hearing is not required to resolve this motion because Walker's motion should be denied on a basis that does not involve the need to resolve any factual disputes or to rely on any disputed facts. *See ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 683-85 (N.D. Tex. 2015).

For the reasons explained below, the Court should deny the Motion for a Temporary Restraining Order and Preliminary Injunction [Dkt. No. 4].

## Background

Walker filed this lawsuit to stop a noticed foreclosure sale scheduled for June 4, 2024. In his Complaint, Walker alleges Defendants violated the Truth in Lending Act ("TILA"). Walker seeks a declaration of the parties' rights, a temporary restraining order, and injunctive relief, as well as actual and punitive damages.

## Legal Standards

Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (cleaned up). "To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted).

Because either a temporary restraining order or a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance," *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (cleaned up), an applicant must unequivocally "show (1) a substantial likelihood that

[she] will prevail on the merits, (2) a substantial threat that [she] will suffer irreparable injury if the injunction is not granted, (3) [her] threatened injury outweighs the threatened harm to the party whom [she] seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest," *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up).

This is a "difficult" and "stringent" standard for the movant to meet, and the movant bears "the burden of establishing each element." *Whitaker v. Livingston*, 732 F.3d 465, 469 (5th Cir. 2013); *Janvey v. Alguire*, 647 F.3d 585, 591, 595 (5th Cir. 2011). The United States Court of Appeals for the Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Bluefield*, 577 F.3d at 253 (cleaned up). "The failure of a movant to establish one of the above four elements will result in the denial of a motion for temporary injunction." *Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989). "As a result, [t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *ADT*, 145 F. Supp. 3d at 681 (cleaned up).

**Analysis**

First, Walker may not obtain an *ex parte* TRO where his application does not meet Federal Rule of Civil Procedure 65(b)(1)'s *ex parte* standards. *See Breitling v.*

*LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) (Rule 65(b)(1) "permits this Court to issue a temporary restraining order only if 'specific facts *in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required'" (quoting FED. R. CIV. P. 65(b)(1); further observing that, "[p]ursuant to Local Rule 83.14, '[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure'")). Walker fails to meet the notice requirements.

Second, Walker's "delay in seeking a TRO and preliminary injunction militates against issuance of a TRO and preliminary injunction." *Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-cv-1651-L, 2016 WL 4944370, at *16 (N.D. Tex. Sept. 16, 2016). Walker alleges he rescinded the mortgage loan on June 13, 2023 and Everett Financial refused to accept the attempted rescission. Almost a year later, Walker filed his motion for a TRO three business days before the scheduled foreclosure sale.

Third, Walker has not shown that there is a substantial likelihood that he will prevail on the merits of his claims. Walker asserts that he was entitled to rescind under 15 U.S.C. § 1635 but he fails to allege any specific facts to support that general allegation. For example, Walker alleges that he obtained a purchase money loan from Everett Financial to buy his principal residence, but Section 1635 does not apply to residential mortgage transactions. *See* 15 U.S.C. § 1635(c)(1).

Accordingly, for these reasons, Walker's motion should be denied because Walker has failed to clearly carry the burden of persuasion on all four requirements for a TRO or preliminary injunction.

## Recommendation

Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Dkt. No. 4] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 31, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE