IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FITZROY Z. WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1316-K-BN |
| | § | |
| EVERETT FINANCIAL d/b/a | § | |
| SUPREME LENDING, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Fitzroy Z. Walker filed a *pro se* complaint against several entity defendants to stop a noticed foreclosure sale scheduled for June 4, 2024, asserting that the defendants violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., ("TILA") and seeking a declaration of the parties' rights, a temporary restraining order ("TRO"), and injunctive relief, as well as actual and punitive damages. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court denied the TRO motion. *See* Dkt. Nos. 5 & 7; *Walker v. Everett Fin.*, No. 3:24-cv-1316-K-BN, 2024 WL 3350554 (N.D. Tex. May 31, 2024), *rec. accepted*, 2024 WL 3350904 (N.D. Tex. July 8, 2024) ("*Walker I*").

Defendant Everett Financial, Inc. dba Supreme Lending ("Everett") then moved to dismiss Walker's complaint under Federal Rule of Civil Procedure 12(b)(6).

*See* Dkt. Nos. 8-10. Walker failed to respond, and the deadline to do so has expired. *See* Dkt. Nos. 11 & 12.

The undersigned now recommends that the Court grant Everett's motion and dismiss Walker's action with prejudice.

## Legal Standards

Considering a dismissal under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere

conclusory allegations on a critical issue are insufficient." (cleaned up)).

## Discussion

Walker alleges that Everett violated the rescissory right established by TILA by failing to include a right of rescission form in his mortgage closing documents.

"Under TILA, a consumer has a right to rescind a contract when creditors fail to provide a consumer with disclosures of certain rights and abilities." *Waldrup v. Mortg. Elec. Registration Servs.*, No. 4:24-cv-2171, 2025 WL 27731, at *3 (S.D. Tex. Jan. 3, 2025) (citing 15 U.S.C. § 1635(a)).

And TILA does provide a "right to rescission in the face of a judicial or non-judicial foreclosure" that is "subject to [a] three-year limitation period." *Mason v. Freemont Inv. & Loan*, No. 3:17-cv-877-B-BN, 2017 WL 4512486, at *2 (N.D. Tex. July 26, 2017) (cleaned up), *appeal dismissed as frivolous sub nom. Mason v. Ocwen Loan Servicing, L.L.C.*, 740 F. App'x 451 (5th Cir. 2018) (per curiam); 15 U.S.C. § 1635(i).

But "TILA expressly provides that the right of rescission does not apply to residential mortgage transactions," such transactions being those "in which a mortgage [or] deed of trust ... is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." *Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L, 2015 WL 9918693, at *8 (N.D. Tex. Nov. 13, 2015) (citing 15 U.S.C. §§ 1635(e)(1), 1602(w); *Gipson v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-cv-4820-L, 2015 WL 2069583, at *10 (N.D. Tex. May 4, 2015)), *rec. accepted*, 2016 WL 302342 (N.D. Tex. Jan. 25, 2016), aff'd 680 F. App'x 359 (5th Cir. 2017) (per curiam); *see Hughes v. Deutsche Bank Nat'l Trust Co.*, No. 5:16CV2245, 2017 WL 770147, at *3 (N.D. Ohio Feb. 28, 2017) ("Because Plaintiffs do not allege that their loan was for something other than the acquisition or construction of their home, Plaintiffs are not entitled to the TILA's right of rescission."); *see also Aragon v. F.D.I.C.*, No. 2:09CV793DS, 2010 WL 331907, at *3 (D. Utah Jan. 28, 2010) ("Plaintiff tries to get around the express provision of

Section 1635(e)(1) by alleging that a separate and independent right of rescission somehow arises under § 1635(i) that is not limited by the foregoing exemption. Section 1635, however, has been consistently interpreted to mean that the right of rescission has no application to a loan to 'finance the acquisition or initial construction' of a dwelling." (citations omitted)).

*Mason*, 2017 WL 4512486, at *2.

No facts alleged by Walker reflect that the loan at issue was for something other than the acquisition or construction of a consumer dwelling. As such, Walker's "complaint fails to set out enough facts to state a plausible claim under TILA." *Id.* at *3. And this claim should be dismissed with prejudice under Rule 12(b)(6) because amendment would be futile, as a TILA rescission claim based on these facts would remain subject to dismissal after amendment. *See Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022))).

Because Walker's declaratory judgment claim is not grounded on anything but his TILA allegations, *see* Dkt. No. 3, ¶¶ 45-47 ("fully incorporat[ing]" "[t]he preceding paragraphs" but offering no new allegations), this claim too should be dismissed with prejudice under Rule 12(b)(6). That is because "[a] request for declaratory judgment is not itself a cause of action, and a claim for a declaratory judgment necessarily fails if there is no underlying cause of action. [So, w]ithout an independent cause of action against [Everett, Walker's] declaratory judgment action cannot stand alone." *Wesner as Tr. of Charles Wesner, Jr. Living Tr. v. Southall*, No. 3:22-cv-927-B, 2023 WL

7107123, at *3 (N.D. Tex. Sept. 22, 2023) (cleaned up); *see also Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 F. App'x 398, 400-01 (5th Cir. 2011) (per curiam) ("In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." (citing *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990))).

And, while the claim for injunctive relief was addressed in *Walker I* to the extent that Walker requested a TRO or preliminary injunction, if this claim is not now moot (considering that the foreclosure sale was noticed for June 4, 2024), any claim for a permanent injunction should be denied for the reasons set out above. *See Wesner*, 2023 WL 7107123, at *4 ("[A] request for injunctive relief absent an underlying cause of action is fatally defective." (quoting *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) (citation omitted))).

## Recommendation

The Court should grant Defendant Everett Financial, Inc. dba Supreme Lending's motion to dismiss [Dkt. No. 8] and dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 12, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE